# Exhibit A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 2037 30

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

GLOBAL INDEMNITY GROUP, INC.
THREE BALA PLAZA EAST
SUITE 300
BALA CYNWYD, PA 19004

**Control Number:** 207542

**Defendant:** GLOBAL INDEMNITY GROUP, INC.
THREE BALA PLAZA EAST
SUITE 300
BALA CYNWYD, PA 19004 US

**County:** Berkeley

**Civil Action:** 17-C-420

**Certified Number:** 92148901125134100002203730

**Service Date:** 12/18/2017

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 9/11/2017 12:11 AM
CC-02-2017-C-420
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA

### Helen Graves-Wyckoff v. Diamond State Insurance Company

Service Type:    Plaintiff - Secretary of State

NOTICE TO:    Global Indemnity Group, Inc., Three Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jared Adams, PO Box 755, Martinsburg, WV 25402

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/11/2017 12:11:37 AM                     /s/ Virginia Sine
_____                _____
        **Date**                                    **Clerk**

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ Not Found in Bailiwick

_____                _____
        **Date**                              **Server's Signature**

# COVER SHEET

E-FILED | 9/11/2017 12:11 AM
CC-02-2017-C-420
Berkeley County Circuit Clerk
Virginia Sine

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA

### Helen Graves-Wyckoff v. Diamond State Insurance Company

**First Plaintiff:**
☐ Business  ☑ Individual
☐ Government  ☐ Other

**First Defendant:**
☑ Business  ☐ Individual
☐ Government  ☐ Other

**Judge:**     Gray Silver III

## COMPLAINT INFORMATION

**Case Type:**  Civil                    **Complaint Type:**  Other

**Origin:**     ☑ Initial Filing     ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**        ☑ Yes  ☐ No      **Case will be ready for trial by:**  6/3/2018

**Mediation Requested:**         ☑ Yes  ☐ No

**Substantial Hardship Requested:** ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Jared Adams, PO Box 755, Martinsburg, WV 25402

## SERVED PARTIES

**Name:** Diamond State Insurance Company

**Address:** Three Bala Plaza East, Suite 300, Bala Cynwyd PA 19004

**Days to Answer:** 30          **Type of Service:** Plaintiff - Secretary of State

**Name:** Global Indemnity Group, Inc.

**Address:** Three Bala Plaza East, Suite 300, Bala Cynwyd PA 19004

**Days to Answer:** 30          **Type of Service:** Plaintiff - Secretary of State

E-FILED | 9/11/2017 12:11 AM
CC-02-2017-C-420
Berkeley County Circuit Clerk
Virginia Sine

**IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA**

**HELEN REBECCA GRAVES-WYCKOFF,**

      **PLAINTIFF**                    **CIVIL ACTION NO. _____**

**V.**

**DIAMOND STATE INSURANCE COMPANY, and**
**GLOBAL INDEMNITY GROUP, INC.**

      **DEFENDANTS**

## COMPLAINT

1.      Plaintiff Helen Rebecca Graves-Wyckoff is a resident of Berkeley County, West Virginia.

2.      Diamond State Insurance Company is a corporation with its principal place of business located in Pennsylvania, organized under the laws of Indiana.  Global Indemnity Group, Inc. includes Diamond State Insurance Company.

3.      Diamond State Insurance Company provided Plaintiff with an insurance policy regarding Plaintiff's property at 12 Thornberry Drive, Martinsburg, West Virginia ("the property"), identified as policy number VEP0097340 ("the policy").

4.      On or about September 1, 2016, Plaintiff went to the property.  When Plaintiff entered the structure at the property, Plaintiff discovered significant property damage.

5.      The property damage involved water escaping from a crack in a toilet.

6.      Plaintiff submitted a claim to the Defendants, according to the terms of the policy.

7.      By letter dated September 28, 2016, Defendants improperly denied Plaintiff's claim.

1

8.       As a result of the loss and Defendants' improper denial of the claim, Plaintiff suffered damages including property damage, having to pay significant amounts of money to remediate and repair the property, annoyance and inconvenience, emotional distress, lost income, and other damages

## COUNT I- BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (FIRST PARTY BAD FAITH)

9.       Plaintiff re-alleges paragraphs 1 through 8 and incorporates them herein by reference.

10.       Through the actions described in this Complaint, the Defendants breached their common law duty of good faith and fair dealing to the Plaintiff such that their conduct amounts to common law bad faith.

11.       Defendants' breach of their common law duty of good faith and fair dealing entitles Plaintiff to economic and non-economic damages, including attorney's fees and costs.

12.       Diamond State Insurance Company's improper acts and omissions, amount to willful, wanton and malicious conduct sufficient to warrant punitive damages.

## COUNT II- UNFAIR TRADE PRACTICES

13.       Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

14.       Defendants violated with such frequency so as to indicate a general business practice numerous provisions of West Virginia Code § 33-11-4(9), and the West Virginia Insurance Regulations, § 114-14-1 *et. seq.* in this and in other claims.

2

15.     At all times relevant to this Complaint, Defendants violated W. Va. Code §
33-11-4(9)(b) by failing to acknowledge and act reasonably promptly upon communications with
respect to claims arising under insurance policies.

16.     At all times relevant to this Complaint, Defendants violated W. Va. Code §
33-11-4(9)(c) by failing to adopt and implement reasonable standards for the prompt
investigation of claims arising under insurance policies.

17.     At all times relevant to this Complaint, Defendants violated W. Va. Code §
33-11-4(9)(d) by refusing to pay claims without conducting a reasonable investigation based
upon all available information.

18.     At all times relevant to this Complaint, Defendants violated W. Va. Code §
33-11-4(9)(f) by not attempting to effectuate prompt, fair and equitable settlements of claims in
which liability has become reasonably clear.

19.     At all times relevant herein, Defendants violated W. Va. Code § 33-11-4(9)(g) by
compelling Defendants' insured, the Plaintiff, to institute litigation to recover amounts due under
an insurance policy by failing to satisfy Plaintiff's claim.

20.     At all times relevant to this Complaint, Defendants violated W. Va. Code §
33-11-4(9)(n) by failing to properly provide a reasonable explanation of the basis in the
insurance policy in relation to facts or applicable law for denial of a claim.

21.     As a direct and proximate result of the Defendants' violations of West Virginia
Code § 33-11-4(9), and the insurance regulations, Plaintiff is entitled to recover economic and
non-economic damages, including attorney's fees and expenses.

22.     Defendants' improper acts and omissions under West Virginia Code § 33-11-4(9), and the West Virginia Insurance Regulations, § 114-14-1 *et. seq.*, amount to willful, wanton and malicious conduct sufficient to warrant punitive damages.

## COUNT III- DECLARATORY JUDGMENT

23.     Plaintiff re-alleges paragraphs 1 through 22 and incorporates them herein by reference.

24.     At all relevant times to the Complaint, Plaintiff had in place an insurance policy issued by Defendants, and the insurance policy provides coverage for the loss identified in this Complaint.

25.     Defendants improperly denied Plaintiff's claim for the loss.

26.     Plaintiff seeks declaratory judgment which requires Defendants to provide compensate Plaintiff for the claim asserted.

27.     When the Court enters declaratory judgment in Plaintiff's favor, the Plaintiff is entitled to damages against Defendants pursuant to Hayseeds, Inc. v. State Farm Fire and Casualty, 177 W.Va. 323 (1986) and its progeny, and requests the Court award Plaintiff said damages for her annoyance, inconvenience, and attorney's fees and costs, and award punitive damages.

## COUNT IV- BREACH OF CONTRACT

28.     Plaintiff re-alleges paragraphs 1 through 27 and incorporates them herein by reference.

29.     Plaintiff and Defendants entered into a written contract, as detailed in the terms of the insurance policy.

4

30. The contract is supported by valid consideration, and is enforceable.

31. Defendants breached the terms of the contract, including when Defendants refused to pay for Plaintiff's property damage claim.

32. Plaintiff suffered damages as a result of Defendants' breach of the contract.

33. Plaintiff is entitled to compensatory damages including payment for the property damage and subsequent remediation and repair; damages against Defendants pursuant to Hayseeds, Inc. v. State Farm Fire and Casualty, 177 W.Va. 323 (1986) and its progeny; damages for lost income; and damages for annoyance, inconvenience, and attorney's fees and costs, and award punitive damages.

PLAINTIFF DEMANDS TRIAL BY JURY.

WHEREFORE, Plaintiff demands compensatory damages with regard to the sums due from compensatory and punitive damages for Defendants' breach of contract and breach of the covenant of good faith and fair dealing; compensatory and punitive damages for Defendants' violations of the West Virginia Unfair Trade Practices Act and regulations as a general business practice; pre-judgment and post-judgment interest and attorney's fees and costs in pursuing this action; declaratory judgment that Defendants must compensate Plaintiff for the claim asserted, including damages pursuant to Hayseeds and its progeny; and any such further relief allowed by law.

Plaintiff,

By counsel

/s/ Jared Adams

Jared M. Adams, Esq. (W.Va. Bar # 11011)

5

Adams Law Firm, PLLC
PO Box 755
Martinsburg, WV 25402
(t) 305-881-1152
(f) 304-405-2128