IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HELEN REBECCA GRAVES-WYCKOFF,**

    Plaintiff,

**v.**                                                     **CIVIL ACTION NO.: 3:18-CV-6
(GROH)**

**DIAMOND STATE INSURANCE COMPANY,
and GLOBAL INDEMNITY GROUP, INC.**

    Defendants.

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

Currently pending before the Court is the Defendants' Motion to Dismiss Amended Complaint [ECF No. 14], filed on March 7, 2018.  To date, the Plaintiff has not filed a response to the amended motion to dismiss.  However, pursuant to Local Rule of Civil Procedure 7.02(b)(1), responses were due within fourteen days, and accordingly, any forthcoming response is untimely.  Moreover, the Plaintiff filed a response [ECF No. 10] to the Defendants' first motion to dismiss and the Court considered this response in making its decision.  For the reasons provided herein, the Defendants' motion is granted.

**I. Background**

This civil action commenced on January 11, 2018, when the Defendants removed the case from the Circuit Court of Berkeley County, West Virginia.  ECF No. 1.  On February 1, 2018, the Defendants filed a motion to dismiss for failure to state a claim.  ECF No. 7.  The motion was denied as moot when the Plaintiff filed an amended complaint on February 21, 2018.  See ECF Nos. 9, 11.

In her amended complaint, the Plaintiff asserts four separate counts stemming from the allegation that the Defendants improperly denied her insurance claim. Specifically, the Plaintiff avers that she maintains an insurance policy with Defendant Diamond State Insurance Company for her property located at 12 Thornberry Drive, Martinsburg, West Virginia ("the property"). ECF No. 9 at 1. The Plaintiff alleges that she visited the property on September 1, 2016, and discovered significant property damage caused by "water escaping a crack in a toilet." Id. The Plaintiff claims that the water damage is a "Covered Cause of Loss," pursuant to her insurance policy's "explosion" provision. Id. at 2. The Defendants have moved to dismiss the Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14.

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'

Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III. Applicable Law

At issue in this case is whether "water escaping from a crack in a toilet," is covered under the "explosion" provision of the Plaintiff's insurance policy with the Defendant Diamond State Insurance Company. Because the Court is sitting in diversity, it will apply West Virginia principles of contract interpretation. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Initially, "determination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." Tennant v. Smallwood, 568 S.E.2d 10, 13 (W. Va. 2002) (internal citations omitted). When a court construes an insurance policy, the language in the policy "should be given its plain, ordinary meaning." Murray v. State Farm Fire & Cas. Co., 509 S.E.2d 1, 6 (W. Va. 1998) (internal citations omitted). However, if the language is "reasonably susceptible of two different meanings or is of

3

such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." Id. Under West Virginia law, ambiguous terms in an insurance policy should be "strictly construed against the insurance company and in favor of the insured." Id.

### IV. Discussion

The Plaintiff asserts four claims stemming from the Defendants improper denial of her insurance claim including: (1) breach of the duty of good faith and fair dealing; (2) unfair trade practices; (3) declaratory judgment; and (4) breach of contract. ECF No. 9. Each claim hinges upon whether "water escaping a crack in a toilet," is a "Covered Cause of Loss" under the Plaintiff's insurance policy with the Defendant. The Plaintiff alleges that the loss falls under the "explosion" provision of the insurance policy. Id. The applicable provision states as follows:

> Explosion, including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:
> a. Rupture, bursting, or operation of pressure-relief devices; or
> b. Rupture or bursting due to expansion or swelling of the contents of any building or structure, caused by or resulting from water.

ECF No. 15-1 at 157.

The Plaintiff argues that the term "explosion" is ambiguous, and accordingly, should be construed against the insurer and in favor of the insured. ECF No. 10 at 3-5. However, "a court should read policy provisions to avoid ambiguities and not torture the language to create them." Pilling v. Nationwide Mut. Fire Ins. Co., 500 S.E.2d 870, 872 (W. Va. 1997). In this case, by its express language, the insurance policy defines an explosion in terms of gases, fuels and combustion. ECF No. 15-1 at 157. Because the insurance policy at issue is a "named perils" policy it "excludes all risks not specifically

4

included in the contract." West Virginia Fire & Cas. Co. v. Matthews, 543 S.E.2d 664, 670 (W. Va. 2000). Accordingly, the term is sufficiently defined to include explosions resulting from "gases or fuel within the furnace of any fired vessel or within the flues and passages through which the gases of combustion pass." ECF No. 15-1 at 157.

In this case, the crack in the toilet is not itself an explosion as defined in the insurance policy. Moreover, the Plaintiff does not allege any facts in her amended complaint which indicate that an explosion, as defined under the insurance policy, caused the property damage at issue. She merely states that: (1) property damage resulted from "water escaping from a crack in a toilet"; and (2) the loss is covered under the policy pursuant to the explosion provision. ECF No. 9. Accordingly, the amended complaint is completely devoid of any facts which support the conclusion that property damage at issue is covered by the "explosion" provision. This is particularly true considering that the insurance policy explicitly excludes any explosions "caused by or resulting from water." ECF No. 15-1 at 157. Therefore, under the facts presented by the amended complaint, the Defendant did not improperly deny the insurance claim because the loss at issue was not covered by the insurance policy.

All of the Plaintiff's claims are premised on the fact that Defendant Diamond State Insurance Company improperly denied her claim. However, under the facts presented, the Plaintiff's losses were not covered by the insurance policy. Accordingly, all claims must be dismissed upon the finding that no coverage existed.

### V. Conclusion

Therefore, the Defendants' Motion to Dismiss Amended Complaint [ECF No. 14] is hereby **GRANTED**. The Plaintiff's Amended Complaint [ECF No. 9] is **DISMISSED**

**WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The pending Motion to Stay Discovery [ECF No. 18] is **DENIED AS MOOT** and the Scheduling Conference set for April 12, 2018, is **VACATED**.

    The Clerk of Court is **DIRECTED** to strike this matter from the active docket of this Court and transmit copies of this Order to all counsel of record herein.

    **DATED**: March 27, 2018

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE